RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/26/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RUDOLPH HAMILTON (#212068) | DOCKET NO. 13-CV-872; SEC. P. |
| VERSUS | JUDGE DRELL |
| LIEUTENANT MILLEDGE, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff Rudolph Hamilton, filed *in forma pauperis* and pursuant to 42 U.S.C. §1983. Plaintiff complains that he was subjected to cruel and unusual punishment when he was an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Natchitoches Parish Detention Center in Natchitoches, Louisiana. He names as defendants Lt. Milledge, Sgt. Willis, and Officer Johnson.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that on March 12, 2013, Officer Johnson entered the dorm to wake the inmates and have them do morning cleaning. Plaintiff refused to comply, stating that he was a disabled veteran, so he was exempt from cleaning. Plaintiff was escorted to lock-down and received a disciplinary report for aggravated disobedience. [Doc. #5-1, p.8] Plaintiff remained in lock-down pending a disciplinary hearing. He was ultimately found not guilty of the offense, and the charge was dismissed.

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); Denton v. Hernandez, 504 U.S. 25 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).

*2. Conditions of Confinement*

Plaintiff complains that he was subjected to cruel and unusual punishment by being held in lock-down without cause. Plaintiff cannot raise a claim as to his "lock-down" or SHU classification because "a prison inmate does not have a protectable liberty or property interest in his custodial classification. See Wolters v.

Federal Bureau of Prisons, 352 Fed.Appx 926 (5th Cir. 2009)(unpublished) citing Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995), Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983). Moreover, "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995)(citing Sandin v. Conner, 515 U.S. 472 (1995)). Plaintiff's complaint regarding placement in lock-down should be dismissed.

Additionally, Plaintiff has not alleged any unconstitutional conditions of confinement while on lock-down. Although the constitution "does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), conditions of confinement "must not involve the wanton and unnecessary infliction of pain." Id. at 347. The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide "humane conditions of confinement," ensuring that "inmates receive adequate food, clothing, shelter, and medical care...." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Plaintiff has not presented any allegations of conditions that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 483. He has not alleged that he was subjected to conditions so serious as to deprive him of the minimal measure of life's necessities. Thus, his claim should be dismissed.

3

*3. 1997e*

Finally, Plaintiff seeks monetary damages for mental anguish. The Prison Litigation Reform Act states in pertinent part that no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. See 42 U.S.C.A. § 1997e(e). The Fifth Circuit has equated §1997e(e)'s "physical injury" requirement to the standard used under the Eighth Amendment; that is, an injury that is more than *de minimis*, but not necessarily significant. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). In the case *sub judice*, Plaintiff has not alleged any physical injury.

Plaintiff has not alleged the violation of any constitutional right. He lost no good time; his charge was dismissed; and his confinement in lock-down did not violate the Constitution or laws of the U.S.

*Conclusion*

Accordingly, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED** with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific,**

written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 26th day of July, 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE